Mark Andrew **TURNER**, Plaintiff—
Appellant,

v.

Terry **STEWART**, Director, Department of Corrections; et al., Defendants—
Appellees.

No. 01–16051.

D.C. No. CV–97–00538–ROS(VAM).

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Mark Andrew Turner, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action challenging prison regulations which restrict his ability to receive certain issues of adult magazines in prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir.1999), and we affirm.

The district court properly granted summary judgment on Turner's First Amendment claim because Turner failed to raise

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

a genuine issue of material fact about whether the prison regulations were rationally related to legitimate penological objectives. *See id.* at 356–58. Similarly, summary judgment on Turner's Fourteenth Amendment due process claim was proper because Turner failed to raise a genuine issue of material fact as to whether he received notice that the magazines were withheld or had an opportunity to respond. *See id.* at 353.

Turner's remaining contentions lack merit.

**AFFIRMED.**

---

* John E. Potter is substituted for William J. Henderson, as Postmaster General of the United States Postal Service, pursuant to Fed. R.App. P. 43(c)(2).

** Because the panel unanimously finds this case suitable for decision without oral argument, Rucker's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.